## LEE et al. v. UNITED STATES.

### No. 10293.

Circuit Court of Appeals, Ninth Circuit.

May 24, 1943.

---

Corette & Corette, John E. Corette, Jr., and Kendrick Smith, all of Butte, Mont., for appellants.

Norman M. Littell, Asst. Atty. Gen., Vernon L. Wilkinson and S. Billingsley Hill, Attys., Department of Justice, all of Washington, D. C., and John B. Tansil, U. S. Atty., and R. Lewis Brown, Asst. U. S. Atty., both of Butte, Mont., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

In January 1936 the Secretary of the Interior approved an oil and gas lease to appellant Lee of 470 acres of Blackfeet Indian tribal lands near Cut Bank, Montana. Lee was required by the terms of the lease to drill at least four wells on the premises within one year from the date of approval, a bond in the amount of $6,000 being exacted to insure performance of the terms and conditions of the lease. Four additional wells were required to be drilled during each successive year until as many wells had been drilled as there were forty acre tracts included in the area. It was provided that if the lessee should fail or refuse to drill as required, such failure should be considered a violation of a material and substantial term of the contract, and that in such event the lessee "shall pay to the officer in charge, for the benefit of the Blackfeet Tribe of Indians, the full amount for which this lease is bonded."

In December 1936 the lessee applied to the Secretary for cancellation of the lease and release from liability under the bond on the ground that he had drilled one well which was not productive and that other developments on adjoining land were also unsuccessful, which facts, it was said, "point to the improbability of obtaining oil or gas by further developments or drilling." No well beyond the first was drilled. In July 1937 the lessee was by letter given thirty days to show cause why the lease should not be cancelled and payment of the full amount of the bond demanded. In answer the lessee wrote the Secretary explaining once more the extent of the drilling on the land and in the vicinity, and stating his conviction that further drilling would be futile. After consideration of the matter and consultation with the Indian lessors, the Secretary cancelled the lease and suit was brought against the lessee and his surety for the full amount of the bond. From a judgment in favor of the government the lessee and his surety appeal.

Paragraph 7 of the lease provides that the lessee may, with the consent of the Secretary, surrender his lease in whole or in part and be relieved from all further obligations. Appellants rely on this provision and also upon a departmental regulation which provided that "a lease will be cancelled by the Secretary of the Interior for good cause upon application of the lessor or the lessee." Appellants contend that they made a showing of good cause and are entitled to be relieved of liability. Particularly is this true, they say, because a local subordinate official of the Interior Department had recommended the cancellation of the lease, stating that he could not justify the putting down of additional wells in view of the dry hole drilled on the leased land and a dry hole drilled on an adjoining area.

We are unable to agree with appellants. Rather we agree with the trial judge, who was of opinion that the court is without authority to compel the Secretary to accept a surrender of the lease on the showing made. The test prescribed by the contract was the drilling of wells on the various legal subdivisions of the leased area. What the appellants have demanded of the Secretary is that another and different test be applied, namely, geological opinion. As observed by the trial judge, it is common knowledge that experts differ widely as to the probability or improbability of finding oil or gas underlying specific areas; and certainly the Secretary's insistence upon the agreed pragmatic test of actual drilling was a matter lying exclusively within the judgment and discretion of that officer.

Affirmed.